UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Elijah White**, #92738-071, | ) | C/A No. 3:07-1803-PMD-JRM |
| | ) | |
| Petitioner; | ) | |
| | ) | Report and Recommendation |
| vs. | ) | |
| | ) | |
| Warden M. Rivera, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |
| | ) | |

The Petitioner, Elijah White ("Petitioner") is a prisoner at Estill Federal Correctional Institution, where he is serving a sentence imposed in this District. In a 28 U.S.C. § 2241 petition, Petitioner attempts to challenge that federal judgement and sentence. However, because Petitioner is challenging a federal judgment and sentence, he must proceed under 28 U.S.C. § 2255. Therefore, this Petition should be summarily dismissed.

Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition in light of the following precedents: *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, the *pro se* Petition is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which the Petitioner could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Petitioner's legal arguments for

him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

This case filed by a prisoner has also been reviewed pursuant to the procedural provisions of 28 U.S.C. § 1915, "new" 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, (1992); and *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989).

## Discussion

This claim is not properly brought under 28 U.S.C. § 2241.[1] Title 28, Chapter 153 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction. *In re Vial*, 115 F.3d 1192 (4th Cir. 1997). Under this framework, those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by proceeding under 28 U.S.C. § 2255:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*Id.* Although the instant Petition is brought pursuant to § 2241, its claim represents a collateral attack

---

[1] Section 2241 states, in pertinent part, that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district court and any circuit judge within their respective jurisdictions" to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." § 2241(a),(c)(3).

upon a conviction in and sentence imposed by this Court. This kind of attack is more properly reserved for a petition filed pursuant to § 2255, *see id.*, instead of a petition filed pursuant to § 2241.

A petition under § 2241 is available for a federal prisoner to collaterally attack his sentence, however, when a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." § 2255; *see also Swain v. Pressley*, 430 U.S. 372, 381 (1977). Petitioner has previously filed a § 2255 petition which was denied. C/A 2:03-379-PMD. The Fourth Circuit has unequivocally held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). It is likely that this Petition is filed outside of the one-year statute of limitations on § 2255 petitions. However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 539 (3rd Cir. 2002). Rather, "[a] § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id*. at 538.

The Fourth Circuit has noted, "[T]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Jones* at 333. In only one scenario has the Fourth Circuit deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and

> first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones* 333-34. Petitioner makes no allegation that the law has changed such that the conduct of which he was convicted (crack distribution) is no longer criminal.

Petitioner argues that § 2255 is inadequate or ineffective because he "was sentenced for an offense that he is actually innocent of," without offering any new facts to support that assertion. Petition at 2. Petitioner asserts actual innocence, apparently in the hopes that doing so will induce this Court to hear his case despite the bar to jurisdiction and the outcomes of his previous § 2255 motion. Petitioner's unsupported statement that he is actually innocent of the crimes for which he pled guilty and was sentenced does not require this Court to consider the merits of his Petition.

Cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). In the present case, Petitioner's actual innocence claim is facially inadequate to require consideration because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the charge. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial"); *Thompson v. United States*, 211 F.3d 1270 (6th Cir. 2000)(Table)(text available on Westlaw) (bare allegations of actual innocence as to the charge to which the Petitioner pleaded guilty are not facially adequate to invoke exceptional review of a conviction under § 2241). In sum, nothing in this case presents more than an unsupported allegation of "actual innocence" which requires this Court to "decline

4

to address whether [Petitioner's] claim of 'actual innocence' allows [him] to bypass the gatekeeping requirements of the amended § 2255 and proceed with a § 2241 habeas corpus petition via § 2255's savings clause." *United States v. Lurie*, 207 F.3d 1075, 1077 n. 4 (8th Cir. 2000).

Additionally, throughout the petition and various attachments Petitioner refers to *U.S. v. Booker*, apparently in the belief that this case somehow satisfies the savings clause. However, *Booker* concerns the federal sentencing guidelines, and does not render any particular act non-criminal. *U.S. v. Booker*, 543 U.S. 220 (2005); *see San-Miguel v. Dove*, 291 F.3d 257, 261 n.2 (4th Cir. 2002)(the case *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not render the conduct for which petitioners were convicted non-criminal, such that §2255 was inadequate or ineffective). As Petitioner's claim fails to meet the criteria of the savings clause, he is precluded from relief under § 2241, and his Petition should be dismissed.

## Recommendation

Accordingly, it is recommended that the Petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without service upon the respondents. See *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); and *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that the Petitioner's claims are either barred from review or without merit). **Petitioner's attention is directed to the important notice on the next page.**

Respectfully submitted,

July 25, 2007                                   s/Joseph R. McCrorey
Columbia, South Carolina                        United States Magistrate Judge

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).