IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Elijah White,   # 92738-071,  )<br>                                              )<br>                     Petitioner,   )<br>                                              )<br>v.                                          )<br>                                              )<br>Warden M. Rivera,                )<br>                                              )<br>                     Respondent.  )<br>_____) | C.A. No.: 3:07-1803-PMD-JRM<br><br>**ORDER** |

This matter is before the court upon Petitioner Elijah White's ("White" or "Petitioner") petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.  The Record contains a Report and Recommendation ("R&R") of a United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B).  The Magistrate Judge's R&R recommends dismissal of White's petition without prejudice.  A party may object, in writing, to an R&R within ten days after being served with a copy of the R&R.  28 U.S.C. § 636(b)(1).  White filed timely objections to the R&R.

**BACKGROUND**

Petitioner White is a federal prisoner at the Estill Federal Correctional Institution.  White was convicted of conspiracy to possess with intent to distribute and distribution of cocaine and cocaine base or "crack" in violation of 21 U.S.C. § 841(a)(1).  On June 26, 2001, this court sentenced White to 360 months of imprisonment and 10 years of supervised release.  The United States Court of Appeals for the Fourth Circuit affirmed White's convictions and sentence.  *See United States v. White*, 54 Fed. App'x 576 (4th Cir. 2002).  Petitioner then filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, which this court denied on August 19, 2003.  White appealed, and the Fourth Circuit Court of Appeals denied Petitioner a certificate of appealability on

1

his § 2255 motion and dismissed the appeal.

White then filed a petition for a writ of habeas corpus under § 2241 on June 24, 2007. The grounds for relief in White's § 2241 petition are:

> (1) Whether the district court abused its discretion when Petitioner was deprived of his right to counsel of choice?
> (2) Should Petitioner obtain habeas relief for an enhancement that he is actually innocent of?
> (3) Should Petitioner obtain habeas relief because he properly preserved a claim of *Booker* error?
> (4) Whether conflict of interest warrant[s] "automatic reversal."

(Pet. at 4-5.)

## STANDARD OF REVIEW

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636(b)(1). After a review of the entire record, the R&R, and Petitioner's objections, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. However, as Petitioner asserts the Magistrate Judge's Report and Recommendation for summary dismissal "has nothing to do with the petitioner[']s request for habeas relief," this court will further address Petitioner's argument. (*See* Objections at 4.) Accordingly, the R&R is adopted to the extent not inconsistent with this order.

## ANALYSIS

A district court is prohibited from entertaining an application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to § 2255 "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that

such court has denied him relief." 28 U.S.C. § 2255. However, § 2255 includes a savings clause, which permits a district court to consider a § 2241 petition challenging the validity of the prisoner's detention when § 2255 is "inadequate or ineffective to test the legality of . . . detention." *Id.*; *see also In re Jones*, 226 F.3d 328, 332-33 (4th Cir. 2000). Under the *Jones* test, § 2255 is inadequate or ineffective to test the legality of detention when the following three prongs are met:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34. However, § 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or because the petitioner is unable to meet the gatekeeping requirements for filing a second or successive § 2255 motion. *See id.* at 333 ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."); *see also Levine v. Pettiford*, No. CIVA 9:06-1265SB, 2006 WL 2107072, at *2 (D.S.C. July 28, 2006). Petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of § 2255. *See In re Eidson*, 129 F.3d 1259, at *1 (4th Cir. 1997) (unpublished table decision)*; McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

Here, White cites the *Jones* test in an attempt to argue § 2255 is inadequate or ineffective to test the legality of his detention, but he fails to show that he satisfies this test. Specifically, White fails to identify how, subsequent to his direct appeal and § 2255 motion, the substantive law has changed such that the conduct for which he was convicted is deemed no longer criminal. In fact, White's conduct leading to his conviction is still deemed criminal. In his § 2241 petition, White

3

attacks the validity of his judgment on a variety of grounds, many already rejected by this Court or the Fourth Circuit, but he does not demonstrate § 2255 is inadequate or ineffective.  None of White's § 2241 petition grounds, including an assertion of error relating to *United States v. Booker*, 543 U.S. 220 (1995), which concerns federal sentencing guidelines, render White's prior conduct non-criminal.  *See Anderson v. Lamanna*, No. C.A. 3:07-372-HMH-JRM, 2007 WL 1231655, at *2 (D.S.C. Apr. 24, 2007) (citing *Foye v. O'Brien,* No. CIVA 1:05CV157, 2006 WL 3325688, at *3 (N.D.W.Va. Nov. 14, 2006) (unpublished) ("*Booker* announced a new procedural rule, not a new substantive rule that decriminalized [petitioner's] offenses of conviction."));  *see also Rider v. United States,* 207 Fed. App'x 315, 315-16 (4th Cir. 2006) (holding that a *Booker* claim does not meet the standard under *Jones*).  Thus, White fails to meet the criteria of the savings clause and is thus precluded from relief under § 2241.

In White's Objection to Magistrate Judge Joseph R. McCrorey's Report and Recommendation recommending dismissal, White argues the Magistrate's Report is overly focused on the "proper vehicle" in filing a § 2241 petition.  (Objections at 1.)  White further relies on *Poole v. Dotson*, 469 F.Supp. 2d 329 (D. Md. 2007), and *Jones* to support his assertion that he may proceed under § 2241.  However, without demonstrating § 2255 is inadequate or ineffective, White's § 2241 petition remains improper.  *See In re Malone*, 74 F.3d 1232, at *1 (4th Cir. 1996) (unpublished table decision) ("This court will not entertain a § 2241 petition unless a 28 U.S.C. § 2255 (1988) motion is inadequate or ineffective to test the legality of a person's detention." (internal quotation marks omitted)); *Johnson v. Stansberry*, No. 5:06-HC-2049-H, 2006 WL 4660602 (D.S.C. June 7, 2006).  As noted in *Jones*, although § 2255 does not limit the rights of federal prisoners to collaterally attack their conditions and sentences, § 2255 still needs to be proven inadequate or

ineffective to test the legality of detention in order to seek a writ of habeas corpus pursuant to § 2241. *Jones*, 226 F.3d at 332-33.

Petitioner cites *Poole* for the proposition that "the savings clause i[s] not limited only to the situation the *Jones* prisoner faced." (Objections at 3.) In *Poole*, the petitioner (Poole) was convicted in federal court on a drug charge, and he was sentenced as a career offender because at the time of his sentencing, it was believed that he had two prior felony convictions, one for robbery and one for possession with intent to distribute. *Poole*, 469 F. Supp. 2d at 331. He appealed his conviction to the Fourth Circuit, but the Fourth Circuit affirmed. *Id*. He also filed a § 2255 petition, which the district court denied. *Id*. After the district court denied his § 2255 motion, the petitioner received a letter indicating that a judge had revised his conviction for possession with intent to distribute in favor of a judgment of conviction for possession of cocaine, a misdemeanor, by an order signed on April 21, 1997. *Id*. Upon receiving this letter, the petitioner attempted to file a second § 2255 motion, alleging that his sentence had been enhanced illegally, but the court directed him to obtain certification from the Fourth Circuit before filing a second § 2255 motion. *Id*. The Fourth Circuit refused to issue the certificate of appealability and dismissed the second petition as successive. *Id*. After several more filings, the petitioner filed a § 2241 petition. *Id*. at 332.

On November 3, 2006, a judge vacated the entire possession with intent to distribute sentence and set the case for a new trial. *Id*. The petitioner then filed a motion for summary judgment with respect to his § 2241 petition. *Id*. The Government argued, *inter alia*, that Poole's § 2241 petition was improper because he had not demonstrated that § 2255 was inadequate or ineffective. *Id*. The United States District Court for the District of Maryland disagreed, however:

> The facts underlying the *Jones* decision are critical to understanding the rationale behind the standard announced by the Fourth Circuit. In *Jones*, a prisoner

5

> found himself between a constitutional "rock" and a statutory "hard place." On the one hand, he stood convicted and incarcerated for conduct that was not criminal–a violation of his constitutional rights. On the other hand, the prisoner had already used the only statutory vehicle available to attack his sentence before it was determined that the conduct which he was convicted of was not in fact criminal. . . .
>
> Expressly agreeing with the rationale and holdings of the Seventh Circuit, Second Circuit, and Third Circuit, . . . the Fourth Circuit concluded that Section 2255 is inadequate and ineffective when the three prongs . . . [listed in *Jones*] are met. However, a close review of the rationale of these courts reveals that the savings clause is not limited *only* to the situation the *Jones* prisoner faced. Specifically, the *Jones* court found persuasive the other Circuits' focus on the more fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, has no source of redress.

*Id*. at 334-35 (internal quotation marks and citations omitted).

The court then noted that Poole could not meet the *Jones* test because "he cannot point to any change in substantive law that deemed noncriminal the conduct upon which his state [possession with intent to distribute] conviction rested." *Id*. at 335. However, the court did allow Poole to seek relief under § 2241:

> [T]his Court does not think the spirit of the *Jones* decision intended to ignore the "fundamental defect" Poole currently faces. The Fourth Circuit has never squarely addressed the issues and peculiar facts raised by Poole's situation. Similar to the prisoner in *Jones*, Poole has also found himself trapped between a constitutional "rock" and a statutory "hard place." Poole stands incarcerated as a career offender when he is not in fact a career offender, and, through no fault of his own, Poole currently has no source of redress. When Poole filed his first § 2255 motion, an attempt to argue that he was not a career offender would have been futile because this Court . . . believed Poole had two prior felony convictions. Furthermore, at that time, Poole had no way of knowing that he was not a career offender.

*Id*. The court then addressed the merits of Poole's § 2241 petition. *Id*. at 336-39.

Assuming the court in *Poole* is correct that the Fourth Circuit does not limit the savings clause only to the situation the *Jones* prisoner faced, White is not trapped between a constitutional "rock" and a statutory "hard place" like the petitioner in *Poole*. Unlike in *Poole*, when White filed

his first § 2255 motion, it would not have been futile to make the argument he now makes. While *Poole* involved events occurring after the petitioner filed his § 2255 motion, White does not argue that events occurring after his § 2255 motion was dismissed cause § 2255 to be inadequate or ineffective to test the legality of detention. Furthermore, whereas Poole's conviction for possession with intent to distribute was set aside, there is no evidence that any of White's convictions used to enhance his conviction have been set aside.[1] In sum, even assuming the *Jones* test is not the only method of demonstrating § 2255 is inadequate or ineffective, the court finds that White has still failed to demonstrate § 2255's inadequacy or ineffectiveness. Because he does not make this showing, White is not entitled to proceed under § 2241.[2]

---

[1] The court notes that many of the grounds for relief asserted in White's § 2241 petition are similar, if not identical, to the assertions of error he raised on appeal. For example, White argued on appeal that the district court erred in sentencing him as a career offender and in using a prior conviction that had been expunged to sentence him. *See United States v. White*, 54 Fed. App'x 576 (4th Cir. 2002).

[2] Even if White were entitled to proceed under § 2241, his claim of actual innocence relating to an enhancement would not be cognizable. A federal court may grant a habeas petition in an extraordinary case where a constitutional violation probably has resulted in the conviction of one who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). The United States Supreme Court provided, "To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In this case, White does not present any new, reliable evidence that would support his assertion of innocence.

Furthermore, his "actual innocence" argument concerning an enhancement does not entitle him to relief under § 2241, as it "is not the type of argument that courts have recognized may warrant review under § 2241." *Davis v. United States*, No. C/A8:05-2778GRA-BHH, 2006 WL 89505, at *6 (D.S.C. Jan. 12, 2006); *see also Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) ("Kinder's argument that he is actually innocent of being a career offender . . . is not the type of argument that courts have recognized may warrant review under § 2241.); *Anderson v. Pettiford*, No. 8:07-943-CMC-BHH, 2007 WL 1577673 (D.S.C. May 31, 2007). Accordingly, White's argument that he is entitled to relief under § 2241 is without merit.

7

## **CONCLUSION**

It is therefore **ORDERED**, for the foregoing reasons, that White's § 2241 petition is summarily **DISMISSED** without prejudice.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**September 20, 2007**

## **NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Federal Rules of Appellate Procedure 3 and 4. *See* Fed. R. App. P. 3-4.